PER CURIAM.
This court granted Petitioner’s pri- or petition for habeas corpus and directed his release from incarceration on a contempt order that failed to contain the recital of facts as required by Florida Family Law Rules of Procedure 12.615(d)(1) and 12.615(e). See Israel v. Jenne, 27 Fla. L. Weekly D586, - So.2d -, 2002 WL 481007, (Fla. 4th DCA Mar.11, 2002). This court’s prior order was without prejudice to reincarcerate Petitioner upon compliance with the applicable provisions of the rule. Petitioner has now been reincarcer-ated pursuant to a new order and again petitions for release, contending that the new order also fails to contain the required factual support for its findings of ability to pay. We agree and grant relief.
Incarceration for civil contempt is available only when the contemnor has the ability to comply with the court’s order. See Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla.1985). The only actual facts contained in the trial court’s order that relate to Petitioner’s ability to pay were based on the testimony of the former wife’s accountant — approximately one month after the former wife was appointed receiver of Petitioner’s business and had exclusive possession of and the opportunity to review the business records — that he could have made the payments from the cash flow of *1216 the business. The order makes reference to a business account with a balance of .$43,669.91, and to “net sales” from the business averaging $667,000 per year.[1] The transcript of the hearing, which the former wife provided to this court in connection with the prior petition, indicates that the former wife made no attempt to demonstrate whether Petitioner’s business actually generated any net income after the net sales were used to pay for the goods sold and other expenses of the business. (On the contrary, her expert accountant testified that Petitioner could have used the net sales to pay the former wife instead of paying his business creditors for the inventory he sold in his retail business.)
Moreover, the order appointing the former wife as receiver of Petitioner’s business, which the former wife supplied in the prior proceeding and which Petitioner attaches to his reply in this one, enjoined Petitioner and his representatives from transferring, encumbering, paying out, or allowing anyone to remove funds or assets of any kind from the business, except as the receiver might authorize to enable the business to function in the ordinary course and to pay necessary business expenses. Under the circumstances, neither the current balance of the business account nor the “net sales” of the business is available to Petitioner to purge himself of the contempt.
Accordingly, we grant the petition and direct Petitioner’s immediate release from incarceration.
POLEN, C.J., GUNTHER and WARNER, JJ., concur.

. "Net sales” is defined as "[g]ross sales minus returns, allowances, rebates, and discounts.” Black’s Law Dictionary 939 (5th ed.1979).