PER CURIAM.
Gary Stuart Dennis Israel (the former husband) appeals from a nonfinal order of the Broward County circuit court dated March 26, 2002, entered in post-dissolution proceedings, finding him to be in willful contempt and ordering his incarceration. This court already granted his petition for writ of habeas corpus, ordering his release from incarceration pursuant to the same contempt order, based on this court’s determination that the order lacked factual support for the trial court’s findings on his ability to pay. See Israel v. Jenne, 814 So.2d 1215 (Fla. 4th DCA 2002).
The former husband now asks this court to reverse the order adjudicating him in contempt, arguing that there was no competent evidence in the record to support the trial court’s finding that he had the ability to pay either the ongoing support amounts or the purge amount. We agree, having reviewed the transcript of the contempt hearing. Although there is testimony which if believed by the trial court would support a finding that the husband dissipated his formerly successful men’s retail clothing business by discounting the merchandise, paying off his creditors, and going out of business, the evidence did not establish that the husband was left with assets from which he retained a present ability to pay the unpaid ongoing support amounts or the purge amount set in the order. See Coogan v. Coogan, 662 So.2d 1380, 1381 (Fla. 1st DCA 1995). Moreover, the trial court’s earlier order appointing the former wife as receiver of the business contained language which precluded the former husband’s access to any funds still remaining in the business for the purpose of making such payments.
Accordingly, the order is reversed.
POLEN, C.J., FARMER and GROSS, JJ., concur.